William T. BRODERICK and Boston
Police Superior Officers
Federation, Plaintiffs,

v.

CITY OF BOSTON, et al., Defendants.

Civ. A. No. 90–11500–MA.

United States District Court,
D. Massachusetts.

Jan. 28, 1991.

James F. Lamond, Alan J. McDonald, McDonald, Noonan & Kaplan, Newton, Mass., for plaintiffs.

Paul J. Gillespie, Driscoll, Gillespie and Stanton, Lynnfield, Mass., for Francis M. Roache.

James A. Brett, Reed, O'Reilly & Brett, Boston, Mass., for James Hart.

Nancy Merrick, Merrick & Louison, Boston, Mass., for Paul Evans.

Walter B. Prince, Rosanna Cavallaro, Peckham, Lobel, Casey, Prince & Tye, Boston, Mass., for Arthur Morgan.

Peter Antell, Antell & Blacker, Boston, Mass., for Robert Conlon.

John P. Roache, City of Boston Law Dept., Boston, Mass., for Charles Burke.

Michael C. Bolden, Asst. Corp. Counsel, City of Boston Law Dept., Kevin S. McDermott, Boston Police Dept. Corporate Counsel, Boston, Mass., for City of Boston.

## MEMORANDUM AND ORDER

MAZZONE, District Judge.

This is an action by the Boston Police Superior Officers Federation ("Federation") and its president, William T. Broderick against the City of Boston ("City"), Police Commissioner Roache, and various other officials employed by the Boston Police Department. The core of the complaint is the charge that the defendants engaged in a pattern of harassment and retaliation against the plaintiffs for their vigorous advocacy of union concerns, which the plaintiffs argue constitute constitution-

ally protected rights actionable under 42 U.S.C. § 1983 ("section 1983").[1]

The matter is before me now on the City's motion to dismiss the plaintiff Federation pursuant to Fed.R.Civ.P. 12(b)(6). The City argues that the Federation lacks standing to sue, or in the alternative, has failed to state a claim upon which relief could be granted.[2]

*1. The Federation's standing to sue*

The City argues that Broderick alone, and not the Federation, may bring this suit. This assertion is based upon a misunderstanding of the Federation's interest in the litigation, however. Associations have First Amendment interests which may be adversely affected by the treatment of their members. *See Warth v. Seldin,* 422 U.S. 490, 511, 95 S.Ct. 2197, 2211–12, 45 L.Ed.2d 343 (1975); *NAACP v. Alabama,* 357 U.S. 449, 458–60, 78 S.Ct. 1163, 1169–71, 2 L.Ed.2d 1488 (1958). Corporate entities as well as individuals possess standing to sue under section 1983 for violations of their First Amendment rights. *Advocates for the Arts v. Thomson,* 532 F.2d 792, 794 (1st Cir.), *cert. denied,* 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177 (1976). A liberal reading of the complaint reveals that the Federation is not merely claiming injury to its individual member, Broderick, but that it is alleging that its exercise of its own First Amendment rights has been chilled by the attacks upon its primary advocate, its president, Broderick. Since "a union can act only through its members", intimidation of those individuals who speak for the union could unlawfully chill the capacity of the organization itself to communicate. *Allee v. Medrano,* 416 U.S. 802, 819 n. 13, 94 S.Ct. 2191, 2202 n. 13, 40 L.Ed.2d 566 (1974). Thus, the Federation has standing to pursue these claims.

*2. Failure to state a claim*

The law permits recovery against a government agency under section 1983

"only where (1) a constitutional harm takes place, and (2) the 'execution of a government's policy or custom ... inflicts' that harm." *de Feliciano v. de Jesus,* 873 F.2d 447, 449 (1st Cir.), *cert. denied* —— U.S. ——, 110 S.Ct. 148, 107 L.Ed.2d 107 (1989), quoting *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). The "execution of policy or custom" encompasses actions by "those whose edicts or acts may fairly be said to represent official policy." *Monell,* 436 U.S. at 694, 98 S.Ct. at 2037–38.

Here, the complaint sufficiently overcomes the dual hurdles of alleging a constitutional harm and alleging causation by the City. The claim against the City is based upon the same factual allegations as those against the individual police department officials. Thus, the complaint adequately pleads a constitutional harm to the extent detailed in the Memorandum and Order of this court dated November 21, 1990. The complaint also sufficiently alleges that the policy of the City, through Commissioner Roache, caused the harm to the plaintiffs. Paragraph 45 of the complaint alleges that Commissioner Roache has the requisite authority to be a policy maker whose actions trigger municipal liability within the meaning of *Monell.* In addition, the complaint clearly identifies specific actions taken by Commissioner Roache himself which affected the plaintiffs, rather than relying impermissibly on a theory of respondeat superior. *See Guzman v. Cranston,* 812 F.2d 24, 25 (1st Cir.1987). Thus, the complaint adequately states a claim against the City.

In accordance with the foregoing, the defendant City's motion to dismiss is denied.

SO ORDERED.

---

**1.** In a Memorandum and Order dated November 21, 1990, this court dismissed civil Rico claims against the individual defendants.

**2.** The Federation is the collective bargaining representative of all uniformed personnel of the Boston Police Department employed in the positions of sergeant, lieutenant, and captain.